IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   4:03cr61/MW/GRJ
                   4:14cv322/MW/GRJ

MELVIN T. MARTIN
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docs. 63.)  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the Court determines that it is without jurisdiction to entertain Defendant's motion and, therefore, the motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 207 months imprisonment after a jury convicted him of possession of a firearm by a convicted felon. (Docs. 40, 47.) Judgement was entered on January 3, 2006, but the court later entered an amended judgment on October 8, 2008 to reflect that Defendant's federal sentence was to run concurrently with a sentence imposed after a conviction in state court. (Docs. 49, 52.) In 2009, Defendant filed a motion pursuant to 28 U.S.C. § 2255 challenging the execution of his sentence due to the Bureau of Prisons' alleged failure to give him credit

for time served. (*see* Doc. 59.)  The court dismissed this motion for lack of jurisdiction, noting that the proper remedy was pursuant to 28 U.S.C. § 2241. (docs. 59, 61). Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[1] on June 19, 2014 (doc. 63 at 12).  Defendant claims that his 1999 state conviction for burglary of a dwelling no longer qualifies as a predicate offense under the Armed Career Criminal Act. He also claims that he is "factually innocent" of the state conviction because he never entered the dwelling or cartilage to commit a crime.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant contends that his motion was timely filed pursuant to § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 1924 (2013).

The Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, nor has the undersigned found any cases

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

applying Descamps retroactively to cases on collateral review, although many cases have held to the contrary.  See, e.g., United States v. Boykin, Case Nos. 4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on Descamps as untimely); Whitaker v. Chandler, No. 13-11280, 2014 WL 2940449 (5th Cir. July 1, 2014) (Descamps is not a retroactively available Supreme Court decision);  Groves v. United States, Case No. 12-3253, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); Larvie v. United States, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014) (denying motion based on Descamps and noting that court had found no cases that had found Descamps retroactively applicable on collateral review); Pulley v. United States, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (finding that Descamps broke no new ground and thus did not "revive the one year limitations period of § 2255"); Baker v. Zych, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that Descamps is not retroactive on collateral review);  Valencia-Mazariegos v. United States, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014) ("the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying Descamps retroactively to cases on collateral review"); Harr v. United States, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014) (Descamps did not announce a new rule of law but merely clarified existing law and thus did not apply retroactively on collateral review);

United States v. Hastings, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014) (noting the Supreme Court has not held that Descamps is retroactively applicable on collateral review and the court was unaware of any other federal court applying Descamps to a case that became final on direct appeal before Descamps was decided); Hoskins v. Coakley, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D.Ohio, Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended Descamps to be applied retroactively to cases which already became final after appeals"); Randolph v. United States, Case No. CCB–13–1227, 2013 WL 5960881, at *1 (D. Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); Roscoe v. United States, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made Descamps retroactively applicable on collateral review); Strickland v. English, No. 5:13–CV–248–RS–EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug.22, 2013) (finding Descamps was not retroactive and thus "does not open the § 2241 portal" to review claims under the savings clause); cf. United States v. Isidoro, Case No. 13 CR 394 WQH, 2013 WL 5353001 (S.D. Cal. Sept. 23, 2013) (Government conceded that Descamps applied retroactively to a case on *direct review*); Lowe v. United States, Case Nos. 14-C-0050, 11-CR-74, 2014 WL 435351, at *2 (E.D. Wisc. Feb. 4, 2014) (finding Descamps inapplicable "even if" it applied retroactively on collateral review). If Descamps is not retroactively applicable, Defendant may not proceed under § 2255(f)(3).

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling. Defendant's motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 63), should be **SUMMARILY DISMISSED**, as untimely.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of July, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 4:03cr61/MW/GRJ; 4:14cv322/MW/GRJ

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).